**Ramon Agueda RODRIGUEZ, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 71–1250.**

United States Court of Appeals, First Circuit.

Heard Feb. 1, 1972.

Decided Feb. 18, 1972.

Pedro E. Purcell Ruiz, Santurce, P. R., with whom George L. Weasler, Santurce, P. R., was on brief, for plaintiff-appellant.

Walter H. Fleischer, Atty., Dept. of Justice, with whom L. Patrick Gray, III, Asst. Atty. Gen., Julio Morales Sanchez, U. S. Atty., and Judith S. Ziss, Atty., Dept. of Justice, were on brief, for defendant-appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is a Federal Tort Claims Act suit against the United States, 28 U.S.C. § 1346(b). Plaintiff's car was struck by a Navy vehicle driven on an alleged errand of "mercy" by an intoxicated off-duty serviceman. The court dismissed the complaint, 328 F.Supp. 1389, and plaintiff appeals.

Briefly the facts were these. One Brasselton, a naval petty officer, was stationed in Puerto Rico. On the evening of April 4, 1971 his wife telephoned from the States, and being unable to reach him, left word that it was urgent that he return the call. Brasselton was off duty. His roommate, Ward, was also off duty. Carey, chief of watch on duty, asked Ward as a "personal favor" to take a Navy shore patrol vehicle and look for Brasselton. Dressed in civilian clothes, Ward started off at about 11 P. M. He went to five bars where he thought Brasselton might be, stopping at one or more to drink. Between 2 and 2:30 A.M. he drove into the plaintiff. The court, in dismissing the complaint, found Ward's use of the vehicle unauthorized.

The use of government property must be authorized or there is no government liability. In this F.T.C.A. suit the district court's response to, or rejection of, the presumption established by Title 9, section 1751 of the Laws of Puerto Rico, a permissive use statute, was correct. O'Toole v. United States, 2 Cir., 1960, 284 F.2d 792; see United States v. Hull, 1 Cir., 1952, 195 F.2d 64, 67. Under explicit Navy regulations Ward's use of the Navy vehicle for a personal errand, however "merciful" it might be dubbed by counsel, was not official business unless so recognized by the commanding officer of the base, or his representative. Carey was no more empowered to release the vehicle for personal use than Ward was to take it.

Before the F.T.C.A. the government was, at least normally, not liable for torts. It had a right to relax this

principle on such conditions as it saw fit. That the government employee who caused the particular injury was in the course of his employment is one of the basic requirements. The district court's finding against the plaintiff on this issue was not only not clearly erroneous; it was clearly correct. Mider v. United States, 6 Cir., 1963, 322 F.2d 193; cf. United States v. Shultz, 1 Cir., 1960, 282 F.2d 628, cert. denied 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695.

Affirmed.