Artemis R. SEGARRA OCASIO,
Plaintiff,

v.

BANCO REGIONAL DE BAYAMON, Federal Deposit Insurance Corp., and Government of the United States of America, Defendants.

Civ. No. 83–0106 (JP).

United States District Court,
D. Puerto Rico.

March 23, 1984.

---

Luis R. Santini Gaudier, Rio Piedras, P.R., for plaintiff.

Ivan Cintron Campos, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiff, Artemis R. Segarra Ocasio, brings forth this suit against the Banco Regional de Bayamón, the Federal Deposit Insurance Corporation and against the United States of America, alleging jurisdiction only under 12 U.S.C. Section 1819, for the illegal retention of plaintiff's certificate of deposit. From the facts, it appears that plaintiff pledged a certificate of deposit for the original loan, but upon taking a second loan, a factual controversy arose as to whether or not the certificate of deposit also guaranteed this second loan. Presently, there is a motion by the defendants to dismiss and the Court addresses the issues raised as follows:

### I. SOVEREIGN IMMUNITY:

The basis for jurisdiction alleged in the complaint, 12 U.S.C. Sec. 1819, allows the Federal Deposit Insurance Corp. (FDIC) to "sue and be sued" in actions for money damages and for alleged tortious actions of this agency; however, suit must be brought exclusively against the United States of America pursuant to the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. Sec. 2671 *et seq. Santoni v. Federal Deposit Ins. Corp.*, 508 F.Supp. 1012, 1014 (D.P.R.1981), *aff'd*, 677 F.2d 174 (1st Cir.1982). *See also, Gregory*

*v. Mitchell,* 634 F.2d 199 (5th Cir.1981). Thus, while the FDIC is a federal agency within the meaning of the Federal Tort Claims Act, *Freeling v. FDIC,* 221 F.Supp. 955, 957 (W.D.Okl.1962), *aff'd,* 326 F.2d 971 (10th Cir.1963), an action against the FDIC becomes an action against the United States. It is the FTCA, 28 U.S.C. Section 2671 *et seq.,* which governs the extent to which sovereign immunity is waived for torts committed by federal agencies or their employees, and this act is the exclusive remedy available. *Safeway Portland E.F.C.U. v. Federal Deposit Ins. Corp.,* 506 F.2d 1213 (9th Cir.1974). The jurisdiction statute alleged in the complaint, 12 U.S.C. Section 1819, the "sue and be sued" section, does not operate as a waiver of sovereign immunity for suits against the Government, *Safeway Portland,* at 1215–1216. The Federal Tort Claims Act is the only remedy available to the plaintiff, and the "sue and be sued" clause will not support jurisdiction. *Freeling,* at 957. Even the legislative history of the FTCA provides that "it is intended that neither corporate status nor 'sue and be sued' clauses shall, alone, be the basis for suits for money recovery sounding in tort." S.Rep. 1400, 79th Cong., 2d Sess., at 33. Accordingly, a suit against the FDIC sounding in tort requires compliance with the Federal Tort Claims Act, the exclusive remedy available. In the case at bar, this satisfaction of the jurisdictional requirements and waiver of sovereign immunity have neither been alleged nor demonstrated. This Court may not acquire jurisdiction against the United States under 12 U.S.C. Sec. 1819.

## II. REQUIREMENTS OF THE FTCA:

It is essential that the requirements of the Federal Tort Claims Act be strictly adhered prior to asserting a claim in federal court. Sovereign immunity is waived when the FTCA requirements have been satisfied and in the case at bar, two essential requirements have not been met; namely that:

(1) The Court lacks jurisdiction because plaintiff has not alleged compliance with the FTCA's requirement that administrative remedies be exhausted prior to bringing suit; and

(2) The plaintiff fails to state a claim upon which relief is afforded because the FTCA has specifically excluded this type of action.

■ Pursuant to 28 U.S.C. Sec. 2675, the exhaustion of administrative remedies is a jurisdictional prerequisite to commence an action against the United States under the Federal Tort Claims Act. *Gregory v. Mitchell,* 634 F.2d at 203–204, and plaintiff must allege in their complaint that they have complied with this requirement. *Armor Elevator v. Phoenix Urban Corp.,* 655 F.2d 19, 22 (1st Cir.1981). The procedure for presenting a claim to a federal agency is provided in 28 C.F.R. Section 14.2 which states:

> For purposes of the provision of Section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant his duly authorized agency or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages *in a sum certain . . .* (emphasis added)

■ The claim must also be finally denied by the agency or until six months have elapsed from the date of the filing. In the case at bar, plaintiff sent the FDIC several letters requesting the release of the certificate of deposit. No sum certain is alleged and even more important, no Standard Form 95 was ever presented. The complaint never alleged exhaustion of administrative remedies and his claim against the FDIC and the United States are therefore barred by sovereign immunity. *Avril v. United States,* 461 F.2d 1090, 1091 (9th Cir.1972).

Plaintiff's claim also fails to state a claim upon which relief may be granted because of Section 2680(h) of Title 28, United States Code. The FTCA has enumerated several exclusions to suits of which Section 2680(h) provides that the provisions of this chapter shall not apply to:

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights."

 This means that interference with contract rights is an exception to the waiving of sovereign immunity and the federal agency is immune from suit. This exemption extends not only to an action for the unlawful interference with existing contracts, but also to actions for the unlawful interference with prospective contractual relations. *Dupree v. United States,* 264 F.2d 140, 143 (3rd Cir.1959), *reh. den.* 3 Cir., 266 F.2d 373, *cert. den.* 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67 (1959). In the case at bar, plaintiff's claim of damages for the withholding of his certificate of deposit in which he was precluded from investing somewhere else at a higher yielding interest rate, clearly falls within the "interference with contract rights" exception to the Federal Tort Claims Act. Plaintiff's claim is within the ambit of the 2680(h) exclusion and thus his claim is barred.

This is the law, and this Court will apply it as such; however, the Government is to be at the service of the people and the actions of the FDIC as a federal agency have been abusive. Public employees are not the owners—they are the servants. The Government is not to act unethically and this Court is only sorry that in the case at bar, it cannot hold the federal agency liable. The government immunity is not waived and the FDIC, as a federal agency, is also immune from suit.

Accordingly, an Order is hereby entered with the consent of the defendants and pursuant to a stipulation entered in open Court that the damages suffered by the plaintiff are to be processed administratively with the FDIC, as receiver of Banco Regional de Bayamón, and paid from the fund which may be the product of liquidation. Also in open Court, the parties stipulated that the remaining amount due from the loans is $3,558.47, which will be paid by the plaintiff on or before March 25, 1984. The defendants will then immediately return the plaintiff's Certificate of Deposit which has a present value of $78,820.66.

The case is hereby DISMISSED.

The Clerk shall act accordingly.

IT IS SO ORDERED.