**Denise De Vore BORREGO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 84–3115 (JP).**

United States District Court,
D. Puerto Rico.

Sept. 3, 1985.

Asst. U.S. Atty. Eduardo Toro Font, Hato Rey, P.R., for plaintiff.

Eduardo Castillo, Old San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The present case is an action for damages commenced by Denise De Vore Borrego against the United States of America for acts arising out of an automobile accident. The complaint is predicated under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671, *et seq.*, as the case allegedly involved a Federal employee driving an official car while acting within the scope of his employment.

Plaintiff claims that on January 5, 1982, at 11:45 a.m., at Las Americas Expressway, a Ford automobile owned by defendant United States of America was operated by Dr. Lammar E. Cannon and impacted plaintiff's vehicle on the rear. As a result of the accident, plaintiff claims to have suffered personal injuries and property damage.

Defendant contends that the Doctrine of Sovereign Immunity bars plaintiff from redress because at the time of the accident, Dr. Lammar E. Cannon was not acting within the scope of his employment, and therefore, no waiver of sovereign immunity is applicable to the factual situation pertinent herein.

## I. PROCEDURAL HISTORY:

On or about September 23, 1983, plaintiff filed an administrative claim with the United States Department of Agriculture seeking the redress of personal injuries and property damages allegedly suffered by said party as a result of the traffic accident which occurred on January 5, 1982.

On July 25, 1984, the United Staes Department of Agriculture denied plaintiff's administrative claim and thereafter, on December 12, 1984, a complaint was filed before this Court pursuant to the provisions of the Federal Tort Claims Act, *supra.*

An answer to the complaint was filed by defendant on February 22, 1985, and the parties commenced discovery proceedings.

The United States of America filed a Motion to Dismiss and/or for Summary Judgment on March 5, 1985, which plaintiff opposed on March 29, 1985.

A hearing on the aforementioned motions was held on April 17, 1985, and shortly thereafter, the parties submitted additional arguments pertaining to the issues raised by the government's dispositive motion.

On May 5, 1985, an unopposed Motion for a Protective Order filed by the United

States was granted and the proceedings herein have been stayed to the present.

After considering the legal arguments of the parties and the documentary evidence before us, we make the following findings of facts and conclusions of law:

## II. FINDINGS OF FACT:

1. This is an action for the redress of damages arising out of an automobile accident which occurred on January 5, 1982, at about 11:45 a.m.

2. The two cars involved in the accident were respectively driven by plaintiff, Denise De Vore Borrego and by Dr. Lammar E. Cannon, an employee of defendant United States of America.

3. The car driven by plaintiff was privately owned.

4. The car driven by Dr. Cannon was owned by defendant United States of America.

5. Lammar E. Cannon was employed by the United States Department of Agriculture as Area Supervisor for the Meat and Poultry Inspection Program.

6. Plaintiff is about 30 years old. At the time of the accident she was studying at the University of Puerto Rico, Mayaguez Campus, towards a Marine Biology Degree.

7. The plaintiff and Dr. Cannon were driving along Expreso Las Americas in a Caguas to San Juan direction when Dr. Cannon collided against plaintiff's car, hitting it on the rear end (rear end collision).

8. At the time of the accident, Dr. Cannon was driving an official United States owned vehicle from his residence to his place of work. Mr. Cannon was allowed to use the vehicle until new renewal as he had to go to visit farms outside the Metropolitan area; consequently, he was allowed to take the vehicle home every night and from there to go to the places of inspection or to go to his office located at Federal Building, Chardón Avenue, Hato Rey.

9. Dr. Cannon's regular working hours were from 7:30 a.m. to 4:00 p.m., but nevertheless, the day in which the accident occurred he had enjoyed several hours of annual leave and was proceeding to work when the accident occurred.

10. Sometime after the occurrence of the accident, Dr. Cannon requested that the United States Department of Justice represent him in the criminal case related to the car accident.

11. After considering internal documentation of the U.S. Department of Agriculture pertaining to Dr. Cannon's authorization to use the government vehicle, the Justice Department denied his request as it understood that Mr. Cannon was not within the scope of employment at the time of the accident.

12. The administrative claim which plaintiff filed before the United States Department of Agriculture was denied on the same grounds, that is, that at the time of the accident, Dr. Lammar E. Cannon was not acting within the scope of his employment and, therefore, the cause was not actionable under the Federal Tort Claims Act.

## III. CONCLUSIONS OF LAW:

Present before the Court is the legal issue of whether Dr. Lammar E. Cannon was acting within the scope of his employment at the moment in which he was involved in a traffic accident with plaintiff. Said issue is of central importance to the instant case. If Dr. Lammar E. Cannon was acting within the scope of his employment at the time of the accident, then the provisions of the Federal Tort Claims Act would be applicable to this case and the United States of America would be a proper party defedant to the action. To the contrary, if Dr. Cannon was not acting within the scope of his employment, then plaintiff would be barred to seek redress from the Sovereign since the FTCA constitutes a limited waiver of immunity and it can only be applied to acts of Federal employees that fall within their scope of office.

Section 2672 of Title 28 of the United States Code states in its pertinent part as follows:

The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in acordance with the law of the place were the act or omission occurred.

Furthermore, Section 2679(b) of Title 28 of the United States Code provides:

(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

■ When a legal action is instituted against the United States, the moving party has the burden of showing that the sovereign has consented to be sued by explicitly creating a cause of action. The plaintiff also has to establish that all conditions set forth by the waiver of sovereign immunity have been complied with.

When one embraces a critical analysis of the Doctrine of Sovereign Immunity it is ineludible to confront the fact that in the past the government was absolutely immune from being sued and that the only redress attainable for damages caused by the sovereign through its employees was through a congressional bill.

■ When Congress waived the government's immunity from suit by enacting the FTCA, said waiver was very limited in nature and the courts have a duty of strictly interpreting said legislation. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *United States*

*v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Minnesota v. United States*, 305 U.S. 382, 387, 59 S.Ct. 294, 83 L.Ed. 235 (1939).

■ In the instant case the statutes governing the waiver of sovereign immunity for tort actions against the United States unequivocally state that as a condition precedent to the waiver, the concerned federal employee must be acting within the scope of his employment. See, 28 U.S.C. § 1346(b), § 2672 and § 2679(b). Whether or not a particular act is performed within the "scope of office or employment" is a matter to be determined in accordance with the law of the state in which the alleged negligent act or omision occurred, *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); *Merrit v. United States*, 332 F.2d 397 (1st Cir.1964).

Yes, it cannot be gainsaid that under the principles of *respondeat superior*, the employer is not liable for the actions of its employees when the same are taken beyond the scope of their employment, *Carrillo v. Sameit Westbulk*, 514 F.2d 1214, 1218 (1st Cir.1975).

In the Memoranda of Law submitted by plaintiff, said party proposes to the Court that under the Traffic and Motor Vehicles Law of the Commonwealth of Puerto Rico, at Section 13-101 (9 L.P.R.A. § 1751), liability can be imposed to the defendant. The above cited section states:

"The owner of a motor vehicle shall be liable for damages and losses caused through guilt or negligence by operation of such vehicle by or under the physical and actual control of any person who, for the main purpose of operating it, or of having or allowing it to be operated by a third person, obtains possession thereof by express or tacit authorization of its owner. In any event, it shall be assumed, unless otherwise proven, that any person operating or having in his possession or under his control a motor vehicle has obtained possession thereof with the authorization of its owner for the main purpose of operating it or having or al-

lowing it to be operated by a third person."

The person for whose negligence the owner of a vehicle is to answer under the provisions of the preceding paragraph shall be bound to indemnify said owner.

Plaintiff has cited numerous cases, in support of said contention, which are interpretative of Section 1751, *supra.* Nevertheless, plaintiff's theory is inapplicable to the factual situation herein.

This Court has made clear that Title 9, Laws of Puerto Rico Annotated, Section 1751, is a permissive use statute and as such does not apply to claims under the Federal Tort Claims Act, *Rodríguez v. United States,* 328 F.Supp. 1389, 1390 (1971), Aff'd. 455 F.2d 940.

Therefore, the law applicable to the present action emerges from the Civil Code of Puerto Rico through its Articles 1802, 1803 (31 L.P.R.A. § 5141 § 5142) and the interpretative jurisprudence which has emanated from the same.

Article 1802 of the Civil Code states: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

Article 1803 of the Civil Code states: "The obligation imposed by the preceding Section is demandable, not only for personal acts or omissions, but also for those of the persons for whom they should be responsible ... Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties."

In Puerto Rico, the general rule is that when an employee travels between his home and the place of employment and an accident occurs, the employer is not liable. *Figueroa v. Industrial Commission,* 72 PRR 472 (1951); *Atiles v. Industrial Com-*

*mission,* 72 PRR 390 (1951); *Ríos v. Industrial Commission,* 66 PRR 385 (1946).

Moreover, in Puerto Rico the fundamental criterion to be considered in order to rule upon the liability of an employer is whether the acts of an employee fall within the scope of his employment in the sense that his acts furthered a desire to serve and benefit the employer's interest and as a result of which the employer receives an economic benefit. *Llorens v. Lozada,* 73 PRR 260 (1952); *Martínez v. Comunidad,* 90 PRR 451 (1964).

The Supreme Court of Puerto Rico has clearly established that:
"The difficulty in applying the exception to the general rule in Puerto Rico is that we would be extending the limits of § 1803, which only renders liable the owner of an enterprise for the negligent acts of his employee 'on account of his duties' to those personal acts of the employee ... as if said personal acts formed part of the duties which the employee has to discharge in the course of his employment." *Rivera v. Maldonado,* 72 PRR 448 at 455-56 (1951).

It is evident that the Supreme Court of Puerto Rico intends § 1803 to be strictly construed and that the scope of the master's liability must not be increased through judicial interpretation. As to this issue, the Court has also stated:
"We must not ... by judicial interpretation enlarge the scope of the master's liability beyond the provisions of § 1803, supra. Even in common law jurisdictions the tendency is to limit the liability of the owner of the vehicle in these cases." *Rivera, supra,* citations omitted.

The judicial trends of the Supreme Court of Puerto Rico in cases pertaining to the scope of employment issue were adopted by this Court and affirmed by the First Circuit in the case of *Rodríguez v. United States,* 328 F.Supp. 1389, aff'd. 455 F.2d 940. In *Rodríguez, supra,* like in the case at bar, the action was predicated under the Federal Tort Claims Act.

In the Rodríguez case, this Court stated that, in order to impose liability under the

*respondeat superior* doctrine applicable in Puerto Rico, the following elements are required:

a) Desire to serve, benefit or further his employer's business or interest.

b) That the act performed is reasonably related to the scope of the employment.

c) That the agent has not been prompted by purely personal motives.

 In the case before us, the parties agree on several uncontroverted facts. It is undisputed that on the date of the accident, Dr. Cannon had enjoyed several hours of annual leave and that at the time of the accident he was traveling from his home to his office located at the Federal Office Building in Hato Rey, Puerto Rico. The parties stipulated that Dr. Cannon was allowed to use the government car permanently until new renewal as he had to go to visist farms outside of the Metropolitan Area and that consequently, he was allowed to take the car home every night and from there to go to the places of inspection or to go to his office at Hato Rey.

We must conclude that the acts of Dr. Cannon were not performed in the course of his duties as a federal employee. At the time in which the accident occurred, the use of the government's vehicle served no purpose of the employer; the act was not reasonably related to the scope of Dr. Cannon's employment and the motives of the driver were purely personal. Therefore, we cannot hold the United States liable for the acts of Dr. Lammar E. Cannon because the same were not performed within the scope of his office or employment according to the case law of the Supreme Court of the Commonwealth of Puerto Rico as adopted by this Court in the case of *Rodríguez v. United States, supra.*

On the day of the accident, Dr. Cannon had not been in the "field" performing official duties upon termination of which he returned to his office. To the contrary, he had been performing purely personal business upon conclusion of which he directed himself to his office in order to commence his official duties. This is not a case where an employee deviates from his normal duties to perform personal errands and then returns to the performance of his duties. The factual situation is clear in the sense that it overwhelmingly indicates that the driver of the government vehicle was involved in exclusive personal matters when the accident occurred. Plaintiff's cause of action against the United States is barred by the Doctrine of Sovereign Immunity, as the provisions of the Federal Tort Claims Act *supra* are inapplicable to acts of federal employees performed outside the scope of their federal employment. Said requirement must be strictly construed. *United States v. Sherwood, supra; Minnesota v. United States, supra.*

Accordingly, defendant's Motion to Dismiss and/or for Sumary Judgment is hereby GRANTED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.