William A. ACKERLEY and Cheryl L. Ackerley, Plaintiffs,

v.

UNITED STATES, Defendant.

No. C90–0001–B.

United States District Court, D. Wyoming.

May 11, 1990.

---

E. Michael Weber, Lonabaugh & Riggs, Sheridan, Wyo., for plaintiffs.

Vincent J. Horn, Jr., Asst. U.S. Atty., D. Wyo., Cheyenne, Wyo., Michael T. Truscott, Torts Branch–Civ. Div., Washington, D.C., for defendant.

## ORDER ON MOTIONS TO DISMISS

BRIMMER, Chief Judge.

This matter comes before the Court on the Federal Deposit Insurance Corporation's motion to dismiss. The Court, having reviewed the pleadings, having heard the arguments of counsel, and being fully advised in the premises, now FINDS and ORDERS as follows:

### Background

Plaintiffs William A. Ackerley and Cheryl L. Ackerley were borrowers and depositors of First National Bank of Sheridan, Wyoming. The bank was declared insolvent July 17, 1986, and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver. FDIC withheld the $11,514.55 plaintiffs had in their bank account, pursuant to 12 U.S.C. § 1822(d). Although plaintiffs had a mortgage with the bank, they allege no payments were due at the time, and therefore there was no justification for FDIC to withhold their money. Plaintiffs allege they discussed the matter with FDIC personnel, who said they would take care of it, but left town before doing so.

As a result of the loss of their money, plaintiffs contend, they were unable to make the required payments on their motel, and they lost both the motel and their ranch, and have suffered emotional distress as a consequence. They bring suit under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq., seeking damages for conversion, negligence, and breach of the covenant of good faith and fair dealing.

FDIC now moves to dismiss.

### Discussion

In considering a motion to dismiss, this Court must take the allegations of the pleadings as true and must construe them most favorably to the plaintiff. We will not grant a motion to dismiss unless it appears beyond doubt that plaintiffs could prove no set of facts supporting their claim which would entitle them to relief. *Huxall v. First State Bank*, 842 F.2d 249, 250–51 (10th Cir.1988).

### Jurisdiction

■ FDIC first argues the Court lacks jurisdiction over this action because the FTCA is preempted by the Federal Deposit Insurance Act (FDIA). FDIC argues that the purpose for the creation of the FDIC " 'is the protection of assets and hard earnings entrusted to a bank.' " (*quoting FDIC v. Philadelphia Gear Corp.*, 476 U.S. 426, 435, 106 S.Ct. 1931, 1936, 90 L.Ed.2d 428 (1976)). FDIC contends that to allow this tort action against it would be contrary to that purpose. The case cited by FDIC in support of that proposition, *Calhoun v. FDIC*, 653 F.Supp. 1288 (N.D.Tex.1987), merely holds that the provisions of ERISA do not preempt those of the FDIA. The holding was based in part on the express provision in ERISA disavowing any intention of superseding existing federal law. *Id.* at 1292; 29 U.S.C. § 1144(d). The *Calhoun* holding falls far short of the conclusion FDIC would have this Court reach, that the FDIA preempts all other federal law.

In *Freeling v. FDIC*, 221 F.Supp. 955 (W.D.Okla.1962), *aff'd per curiam*, 326 F.2d 971 (10th Cir.1963), the court considered an action against FDIC to recover damages for the alleged slanderous statements made by its general counsel. The court found that the "sue and be sued" clause of the FDIA (12 U.S.C. § 1819) would not support jurisdiction over the ac-

tion, and held the "Federal Torts Claims Act is the exclusive remedy available to the plaintiff ..." *Id.* at 957. It is clear that in the Tenth Circuit suits against FDIC may be brought under the FTCA,[1] and this Court may properly assert jurisdiction over plaintiffs' claim.

*Sovereign immunity*

■■■FDIC next argues that the actions complained of by the plaintiffs are based upon the exercise of a discretionary function, and thus fall under one of the exceptions to the FTCA's waiver of sovereign immunity.

Claims specifically excluded from the FTCA's waiver include those "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved abuse." 28 U.S.C. § 2680(a). The United States Supreme Court recently provided guidance in determining when the exception applies. *Berkovitz v. United States,* 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Under *Berkovitz,* the court must first consider whether the act at issue "is a matter of choice for the acting employee," or whether the statute, regulation, or policy at issue requires that a specific course of conduct be followed by the acting employee. 486 U.S. at 536, 108 S.Ct. at 1958. If the action does involve discretion, the court must next determine whether it is the kind Congress intended to shield by the exception. Congress only intended to protect governmental decisions based on considerations of public policy, which are " 'grounded in social, economic, and political policy.' " *Id.* at 537, 108 S.Ct. at 1959 (*quoting United States v. Varig Airlines,* 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984)).

FDIC argues that it exercised its discretion in deciding to withhold payments to the plaintiffs pursuant to 12 U.S.C. § 1822. While the facts may later reveal that contention to be true, for purposes of this

motion we consider only the allegations of the pleadings. What plaintiffs allege in their complaint is not that FDIC incorrectly *decided* to withhold their funds, but that FDIC negligently failed to make payments FDIC realized it should have made. Plaintiffs allege FDIC's failure to make the payment was not the result of a governmental decision based on considerations of public policy; it was a mistake. The discretionary function exception therefore does not apply.

*Misrepresentation*

■■ FDIC next argues that the claim against it is barred by 28 U.S.C. § 2680(h), which bars claims against the United States arising out of misrepresentation or deceit. The complaint alleges that FDIC representatives assured the plaintiffs "that their funds would become unfrozen." Complaint ¶ 14. That allegation, however, is not the basis of a claim for misrepresentation, but is offered to prove that FDIC recognized its duty to make the payments to plaintiffs. As this is not a claim arising out of misrepresentation of deceit, that exception does not apply.

*Wyoming law*

■■ In suits against the United States, the law of the place where the act or omission occurred governs liability. 28 U.S.C. § 1346(b). FDIC contends that it had no actionable duty to the plaintiffs under Wyoming law, and that the action must therefore be dismissed. The complaint states claims for conversion, negligence, and breach of the duty of good faith and fair dealing, all of which are recognized in Wyoming law. *Young v. Young,* 709 P.2d 1254 (Wyo.1985) (conversion); *Ely v. Kirk,* 707 P.2d 706 (Wyo.1985) (negligence); *McCullough v. Golden Rule Ins. Co.,* 789 P.2d 855 (Wyo.1990) (breach of duty of good faith and fair dealing).

THEREFORE, it is

---

1. The FTCA has been recognized as a vehicle for recovery against FDIC in other circuits. *See Gaubert v. United States,* 885 F.2d 1284 (5th Cir.1989); *Segarra Ocasio v. Banco Regional de Bayamon,* 581 F.Supp. 1255 (D.P.R.1984). *See*

also, *In re Southern Indus. Banking Corp.,* 872 F.2d 1257 (6th Cir.1989) (federal district court had jurisdiction over RICO claims against FDIC).

ORDERED that the defendant's motion to dismiss be, and the same hereby is, DENIED.