**Sigfrido Torres LAZARINI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 92–1185(JP).**

United States District Court,
D. Puerto Rico.

Sept. 20, 1995.

Rafael A. Oliveras, Hato Rey, PR, for Plaintiff.

Office of the United States Attorney, Hato Rey, PR, for Defendant.

### OPINION AND ORDER

PIERAS, District Judge.

This is an action brought under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq.*

Plaintiff, Sigfrido Torres Lazarini, is a veteran who has received medical attention from the Veteran's Administration Hospital in Río Piedras, Puerto Rico, ("Hospital") for injuries to his left hand on different occasions during the past forty years, and has received medical rehabilitation and pension benefits from the Department of Veteran's Affairs ("VA") during the last fifteen years. In the case at bar, plaintiff alleges that the Hospital engaged in acts of medical malpractice and institutionalized discrimination against plaintiff and that the VA improperly terminated his rehabilitation payments and pension benefits.

Plaintiff currently alleges that all of the actions of the various members of the Department of Veterans' Affairs over the course of forty years constitute discriminatory conduct, institutionalized persecution, harassment, and negligent treatment. Defendant asserts plaintiff's complaint is barred by the applicable statute of limitations since more than two years passed between the time of the events in question occurred and the time when plaintiff filed his complaint. Plaintiff counters that he has alleged that the tortious actions and omissions of defendant have continued over the span of forty years and thus constitute a continuous tort. Therefore, he argues, the statute of limitations only begins to run the moment the last alleged tortious activity occurred. Since the last allegedly tortious event occurred within the two-year time period, plaintiff asserts, his claims should not be barred by the statute of limitations. For the reasons set forth below, defendant's motion for summary judgment is hereby GRANTED and this action is dismissed pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

## I. BACKGROUND

The following is a concise history of the undisputed facts. Plaintiff, Sigfrido Torres Lazarini, served in the United States Marine Corps on an active duty assignment from 1951 until 1953, when he received a general discharge. Plaintiff was then assigned to serve in the reserve of the United States Marine Corps for six additional years. Upon termination of his time in the Reserve, he was granted an honorable discharge on November 4, 1959.

During 1953, while on active duty, plaintiff suffered a compound fracture in the middle joint of the third finger of his left hand and was treated at the Hospital. No surgery was performed on his finger at that time because the attending doctor determined that the affected joint had healed naturally.[2] Due to the injury to plaintiff's left hand, the VA granted plaintiff's claim for disability and awarded him compensation in the amount of $17.00 a month.

On February 2, 1977, plaintiff again injured his left hand, this time the second finger, and was treated in the Hospital's emergency room. A medical report completed by the attending physician states that plaintiff arrived at the facility with the "tip on [his] left index finger amputated and denudated surface." [3] The medical records also show that surgery was scheduled and that the wound was cleaned and sutured. Days later, on February 9, 1977, plaintiff was examined at the surgery clinic at the Hospital and was diagnosed as suffering excessive sensitivity in his left hand index finger. Plaintiff attended his first scheduled follow-up appointment at the Orthopedic Clinic on June 3, 1977, but he did not appear at his follow-up appointment on September 2, 1977.[4]

Plaintiff injured his left hand for a third time on August 3, 1978, as he was chopping something at home. On this occasion, plaintiff injured the first and second fingers. Plaintiff was admitted to the Surgical Ward of Hospital's emergency room to undergo a

---

1. As both parties support their motions with documents outside the pleadings upon which the Court relies in making its decision, the Court treats the government's motion to dismiss as a motion for summary judgment and plaintiff's opposition to the motion to dismiss as an opposition to summary judgment.

2. Dr. Pedro J. Collazo–González's prognosis on October 30, 1953, plaintiff's opposition to motion to dismiss, Exhibit F (docket No. 8).

3. *See* docket No. 3, Exhibit No. 4.

4. *See* docket No. 3, Exhibit No. 5.

surgical operation on his index finger.[5] According to medical records, plaintiff responded well to the procedure, and was discharged on August 8, 1978.[6] However, plaintiff's hand continued to need attention. Four years later, further microscopic surgery for the correction of nerve graft was scheduled for February 3, 1982. That operation was canceled due to a heavy workload at the Hospital's operating room, and surgery was rescheduled for August 27, 1982. However, on that occasion plaintiff refused the surgery.[7]

In a separate incident that occurred on May 13, 1983, plaintiff was escorted from the Hospital after an altercation with a Hospital employee. The facts surrounding this incident can be found in Civil Case No. 85–796(PG), wherein the District Court dismissed all of plaintiff's claims against the Hospital.

Also during 1983, plaintiff sent a letter to the Hospital stating that he had not received his medications by mail. The Hospital checked its records and notified plaintiff that the medications had been mailed to the address provided by the plaintiff.[8] The Hospital further instructed plaintiff to make a claim at the post office for the package, and to personally pick-up the medications from the Hospital's pharmacy if he continued to experience delivery problems. To avoid further delivery problems, the Hospital began to send plaintiff's medication by certified mail.[9]

On September 27, 1988, the Board of Veterans Appeals determined, after conducting a full administrative hearing, that plaintiff was disabled, effective March 18, 1982. In September 1989, the VA discontinued all pension payments to plaintiff as it determined that plaintiff's total family income exceeded the maximum income limit of $6,463.00.[10]

On March 8, 1990, plaintiff filed a SF–95 before the Veteran's Administration asserting that the VA had instigated a pattern of institutional discrimination. Local District Counsel's office denied plaintiff's claim on October 19, 1990, as being barred by the statute of limitations. One year later, on October 31, 1991, the General Counsel office affirmed the dismissal of plaintiff's claim. Therefore, plaintiff exhausted all administrative remedies prior to filing his complaint in District Court.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Brennan v. Hendrigan,* 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.,* 814 F.2d 798, 804 (1st Cir.1987); *Peckham v. Ronrico Corp.,* 171 F.2d 653 (1st Cir.1948). *But see also Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990) (court need not credit "conclusory allegations, improbable inferences, and unsupported speculation.") A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact, which is defined by the substantive law, is one which affects the out-

**5.** *See* docket No. 3, Exhibit No. 6.

**6.** *See* docket No. 3, Exhibit No. 8.

**7.** *See* Docket No. 4, Exhibit Nos. 16 and 17, Medical Record Progress Notes.

**8.** *See* docket No. 4, Exhibit 20.

**9.** *See* docket No. 4, Exhibit 21.

**10.** The VA calculated plaintiff's income by adding plaintiff's monthly social security payment of $143.00 ($1,716.00 annually) to his annual lump sum payment of $5,743.28. Docket No. 4, Exhibit 24.

come of the suit and which must be resolved before attending to related legal issues. *Mack*, 871 F.2d at 181.

■ Rule 56(c) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Therefore, the burden is first on the movant to show "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2553. Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence to enable him to reach the jury with his claim." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975); *see also Brennan*, 888 F.2d at 191. The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). The non-movant must instead affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). On issues where the non-movant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. *See Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514.

## III. STATUTE OF LIMITATIONS

■ The Federal Tort Claims Act ("FTCA") represents a limited waiver of the United States' sovereign immunity, which allows individuals to sue the government for tortious conduct of government employees. *Gould v. United States Department of Health and Human Services*, 905 F.2d 738, 741 (4th Cir.1990). The waiver however, is neither broad, nor absolute. Plaintiffs must comply with the procedures established in order to proceed with a suit against the United States, and failure to comply with the procedural regulation mandates the dismissal of the action. Furthermore, courts may not extend the waiver of sovereign immunity beyond the limits intended by Congress. *U.S.*

*v. Kubrick*, 444 U.S. 111, 117–8, 100 S.Ct. 352, 356–7, 62 L.Ed.2d 259 (1979). Suits under the FTCA can be brought only under terms and conditions strictly prescribed by Congress. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). One such condition is that the claim must be brought within the applicable statute of limitations:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .

28 U.S.C. § 2401(b). Thus, the FTCA specifically requires the initial presentation of a claim to the appropriate federal agency within two years of the accrual of the cause of action as a jurisdictional prerequisite to suit under the FTCA. *See Gould v. U.S. HHS*, 905 F.2d 738, 741 (4th Cir.1990) *cert. denied*, 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991).

■ Plaintiff's hand was examined on distinct and separate occasions. Since plaintiff did not file an administrative action for medical malpractice and negligence within two years after his hospitalization in 1953, 1974, 1977 or 1983, his claims of medical malpractice and negligence relating to the treatment of his left hand are forever barred.

Plaintiff's attempts to avoid the bar of the statute of limitations, by arguing that the VA has committed a continuous tort are to no avail. First, the events underlying plaintiff's allegations are distinct, separate actions committed by separate individuals who work for different subdivisions of the same governmental agency. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (1982). Second, plaintiff does not allege that he failed to discover his injury until after the statute of limitations had elapsed due to the nature of the hidden injury. *Stoleson v. United States*, 629 F.2d 1265, 1270–71 (7th Cir.1980) (the statute of limitations was tolled under court's equitable jurisdiction since it would be unjust to prevent plaintiff from seeking relief for an injury that even with reasonable diligence could not have discovered).

Third, plaintiff's complaints relate to his original injuries to his hand during the 1950s, 1970s and finally 1980s. However, in order to establish a continuing tort violation, a plaintiff necessarily must prove a series of events, not that the injury from the first events has not been cured. *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects form an original violation.") Therefore, plaintiff may not now seek redress for alleged wrongs that occurred in early 1950s for which he continues to feel injury.

Courts construe the two year statute of limitations requirement of the FTCA strictly. This "unbending interpretation is in accordance with the manifested legislative goal of the expeditious bringing and resolution of tort claims against the government." *De Casenave v. United States,* 797 F.Supp. 86, 87 (D.P.R.1992) (citing *Vega–Vélez v. United States,* 627 F.Supp. 773, 775 (D.P.R.) aff'd, 800 F.2d 288 (1st Cir.1986)). Plaintiff's failure to bring his allegations against the Veteran's Hospital within the requisite time period is fatal to his cause of action.

## IV. CONCLUSION

There has been no continuing tortious activity by the Department of Veterans' Affairs against plaintiff, therefore, plaintiff's claims are barred by the statute of limitations. Defendant's motion for summary judgment is hereby **GRANTED.** Judgement shall be entered accordingly.

IT IS SO ORDERED.