Maria **ALICEA BAEZ**, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civil No. 97–1522(JP).

United States District Court,
D. Puerto Rico.

Aug. 13, 1997.

Juan M. Masini–Soler, San Juan, PR, for Plaintiff.

Lillian E. Mendoza–Toro, Asst. U.S. Atty., Hato Rey, PR, for Defendant.

### OPINION AND ORDER

PIERAS, Senior District Judge.

Before the Court is defendant's unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2)[1] (**docket No. 4**). For the reasons set forth below, the motion to dismiss is hereby **GRANTED**.

## I. INTRODUCTION

Plaintiff commenced this suit seeking compensation for damages she allegedly suffered because of the Small Business Administration's ("SBA") failure to convey title to a piece of property for which she deposited $7,000.00, but which was ultimately sold to another party. Plaintiff seeks $10,000.00 for injuries she incurred because of the SBA's refusal to admit the pledge and obligations derivative of the contract she claims was formed in March of 1995; $10,000.00 she allegedly invested in cleaning the property; $45,000.00 in lost profits; $10,000.00 for the time plaintiff invested in the initial contract, cleaning the property, claiming her rights and instituting the present action. Plaintiff asserts a cause of action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680.

## II. THE FEDERAL TORT CLAIMS ACT

██ The United States government waived much of its sovereign immunity in 1946 with passage of the FTCA. Under the FTCA, injured parties may sue the United States for damages caused by federal employees acting within the scope of their duties, if a private person would be liable under the law of the state where the tort occurred. 28 U.S.C. § 2674. This waiver of immunity is subject to numerous conditions.

In cases such as the one at bar, these conditions include: 1) presentation of a claim for a sum certain within two years of accrual of the cause of action to the appropriate federal agency and denial of said claim before bringing suit, 28 U.S.C. § 2675(a); 2) institution of a civil suit within six months of denial of the administrative claim, 28 U.S.C. § 2401(b); 3) limitation of damages to the amount of the claim presented to the administrative agency, 28 U.S.C. § 2675(b); 4) unavailability of punitive damages and pre-judgment interest, 28 U.S.C. § 2674; 5) trial by the Court without a jury, 28 U.S.C. § 2402; 6) limitation of attorney's fees to twenty-five percent of any judgment or twenty percent of a settlement, 28 U.S.C. § 2678; and 7) recourse against the United States exclusive of any other civil action against the employee whose acts gave rise to the claim, 28 U.S.C. § 2679(b). "It is essential that the requirements of the Federal Tort Claims Act be strictly adhered [to] prior to asserting a claim in federal court." *Segarra Ocasio v. Banco Regional de Bayamñ*, 581 F.Supp. 1255, 1257 (D.P.R.1984). "When a legal action is instituted against the United States, the moving party has the burden of showing that the sovereign has consented to be sued by explicitly creating a cause of action. The plaintiff also has to establish that all conditions set forth by the waiver of sovereign immunity have been complied with." *Borrego v. United States*, 622 F.Supp. 457, 460 (D.P.R.1985), *rev'd on other grounds*, 790 F.2d 5 (1st Cir.1986). Courts have a duty to strictly interpret the FTCA. *Id.*, 622 F.Supp. at 460 (citing *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); and *Minnesota v. United States*, 305 U.S. 382, 387, 59 S.Ct. 292, 294–95, 83 L.Ed. 235 (1939)).

## III. DISCUSSION

Defendant United States of America asserts four objections in its motion to dismiss: 1) plaintiff's administrative claim did not meet the requirements of 28 U.S.C. § 2675; 2) plaintiff failed to comply with the six-

---

1. Although defendant moved the Court to dismiss the complaint for lack of jurisdiction over the person, its only arguments relate to subject matter jurisdiction.

month statute of limitations established by 28 U.S.C. § 2401(b); 3) plaintiff's claim is precluded under the discretionary function and misrepresentation exceptions under 28 U.S.C. § 2680; 4) this Court lacks subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491. We address defendant's arguments seriatim.

## A. *Satisfaction of Administrative Requirements*

■ Defendant claims that plaintiff's administrative claim was not sufficiently particular to satisfy the notice requirements of 28 U.S.C. § 2675. Exhaustion of administrative remedies is a jurisdictional prerequisite to commencing an action against the United States under the FTCA. *E.g., Santiago–Ramirez v. Secretary of Department of Defense,* 984 F.2d 16, 18 (1st Cir.1993); *Segarra Ocasio,* 581 F.Supp. at 1257; *Lazarini v. United States,* 898 F.Supp. 40 (D.P.R.1995), *aff'd,* 89 F.3d 823 (1st Cir.1996). "It is well settled law that an action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency." *Attallah v. United States,* 955 F.2d 776, 779 (1st Cir.1992) (collecting cases). However, numerous courts have held that while submission of an administrative claim as required by 28 U.S.C. § 2675 is jurisdictional, the technical and procedural requirements of the regulations are not. *E.g., Santiago–Ramirez,* 984 F.2d at 19 (regulations require additional information that is only relevant for settlement purposes, not notice); *Marricone v. United States,* 697 F.Supp. 874, 876 (E.D.Pa.1988) ("Any additional requirements imposed by administrative regulations are not a bar to jurisdiction by the federal courts."); *Leaty v. United States,* 748 F.Supp. 268, 272 (D.N.J.1990) ("[R]egulations promulgated pursuant to § 2672 are not jurisdictional in nature"); *Champagne v. United States,* 573 F.Supp. 488, 491 (E.D.La.1983) ("Although the administrative claim submission requirement is jurisdictional and cannot be waived, the technical and procedural requirements of the regulations are not always strictly enforced"); *contra Martinez v. United States,* 743 F.Supp. 298, 301–302 (D.N.J.1990). The

purpose of the FTCA is not to put up a barrier of technicalities to defeat claims but rather to notify the government of the existence of a claim and to provide the government with information regarding the number of persons interested in the claim so that the value of the settlement can be accurately assessed. *Del Valle Rivera v. United States,* 626 F.Supp. 347, 348–49 (D.P.R.1986) (citing *Lòpez v. United States,* 758 F.2d 806, 809–810 (1st Cir.1985) and *Jackson v. United States,* 558 F.Supp. 14 (D.D.C.1982), aff'd. 730 F.2d 808 (D.C.Cir.1984)). The United States Court of Appeals for the First Circuit has concluded that a plaintiff has satisfied the notice requirement of section 2675 "if he or she provides a claim form or 'other written notification' which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." *Santiago–Ramirez,* 984 F.2d at 19 (citations omitted). A flawed claim may be saved where the government's investigatory needs are satisfied. *See Kokaras v. United States,* 980 F.2d 20, 23 (1st Cir.1992).

■ Applying this standard to plaintiff's two demand letters (Exhibits 1 and 2 of the Motion to Dismiss), we conclude that they provided sufficient information for the agency to investigate at least two of plaintiff's claims, and asserted the amount of damages sought. Plaintiff's letter of April 24, 1995, indicates the date of the incident; the name of the SBA agent that led her to believe her offer had been accepted; and the improvements she made to the property. In this letter, plaintiff demands the return of her $7,000.00 deposit, plus interest; $9,500.00 she spent cleaning the property; and $2,000.00 for her time. On May 9, 1995, plaintiff sent a second demand letter to the SBA through her counsel, attorney Julian R. Rivera–Aspinall. Attorney Rivera–Aspinall repeated the demand for a total sum of $18,500.00, plus interests and attorney's fees.

Although these letters are insufficient to put the SBA on notice as to plaintiff's claim for suffering and lost profits, they are adequate as to her claims for money she spent cleaning the property and for her lost time.

## B. Plaintiff's Claim is Time–Barred

28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Plaintiff offered $7,000.00 for the property in February of 1995. By April 25, 1995, the date of her first demand letter, she had learned that the property had been sold to another party. Therefore, she presented the administrative claim within the two-year limitation prescribed by Section 2401(b). Defendant asserts, however, that she failed to institute judicial action within six months of notice of the final denial of her claim by the SBA. Mr. Jerome Smith, District Counsel for the SBA, wrote to plaintiff's attorney regarding her demands on May 15, 1995 (Exhibit 3 to Motion to Dismiss). Mr. Smith indicated that plaintiff's check for $7,000.00 had been returned to her via certified mail. He further explained that only the District Office Claims Committee was authorized to accept an offer in exchange for title to real estate, and, in plaintiff's case, the Committee had unanimously rejected her offer because it was considered to be well below the property's value. The letter also informed plaintiff that since she never had title to the property, any expense incurred was at her own risk, and the SBA had no authority to reimburse her. Attorney Juan M. Masini–Soler, plaintiff's current counsel, responded to Mr. Smith's letter on September 12, 1995 (Exhibit 4 to Motion to Dismiss). He requested reconsideration of the SBA's decision and urged it to resolve the dispute at the administrative level. Mr. Smith denied the request for reconsideration in a letter dated September 29, 1995 (Exhibit 5 to Motion to Dismiss). Attorney Masini–Soler wrote to Mr. Smith again on July 29, 1996, asserting that since plaintiff's claim exceeded $5,000.00, Mr. Smith was required to elevate the matter to the SBA's General Counsel. Attorney Masini–Soler inquired as to whether this had

been done, and, if so, that he be sent copies of all relevant documents. Mr. Smith responded by letter of August 28, 1996, referring attorney Masini–Soler to Part 114, of Title 13 of the Code of Federal Regulations. The record contains no further evidence of correspondence between the parties.

Plaintiff filed the instant complaint on April 9, 1997, more than six months after Mr. Smith's final letter of August 28, 1996. Therefore, this suit is time-barred under 28 U.S.C. § 2401(b).

## C. Discretionary Function and Misrepresentation Exceptions

One of the limitations on the FTCA's waiver of sovereign immunity is contained in 28 U.S.C. § 2680, which provides that the FTCA shall not apply to—

[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

This exception covers only acts that are discretionary in nature—that is, acts that involve an element of judgment or choice—and it is the nature of the conduct, rather than the status of the actor, that governs whether the exception applies. *United States v. Gaubert,* 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991) (citing *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958–59, 100 L.Ed.2d 531 (1988) and *Dalehite v. United States,* 346 U.S. 15, 34, 73 S.Ct. 956, 967, 97 L.Ed. 1427 (1953)). Moreover, the challenged conduct must relate to judgments involving social, economic, and political policy. *Gaubert,* 499 U.S. at 323, 111 S.Ct. at 1273–74 (citing *United States v. Varig Airlines,* 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984)).

The defendant's decision regarding whether to accept plaintiff's offer of $7,000.00 for the property was a discretionary action. It rested on subjective, qualitative evalua-

tions regarding whether the property could command a higher price. The property was apparently worth more than twice plaintiff's offer, since plaintiff alleged in the complaint that the SBA sold the property for $20,000.00, while defendant indicates it was sold for $15,000.00. Courts have held that the granting and denial of government loans, actions that are analogous to the decision to accept or refuse an offer for a piece of property, are discretionary acts. *See, e.g., Williamson v. United States Department of Agric.,* 815 F.2d 368, 376 (5th Cir.1987) (citing cases).

■ To the extent plaintiff was led to believe that title to the property would be conveyed to her since she had deposited $7,000.00, her claim is barred by Section 2680(h), which provides that the FTCA's waiver of sovereign immunity does not extend to claims arising out of misrepresentation, deceit or interference with contract rights.

### D. *The Tucker Act*

Defendant argues that plaintiff's claim, although characterized as a tort, is essentially one for breach of contract, and therefore is not actionable under the FTCA. The Court of Appeals for the Fifth Circuit has distinguished contract from tort claims thus:

> Many breaches of contract can also be treated as torts. But ..., where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to 'waive the breach and sue in tort' brings the case within the Federal Tort Claims Act.

*United States v. Smith,* 324 F.2d 622, 625 (5th Cir.1963 ) (quoting *Woodbury v. United States,* 313 F.2d 291, 295, (9th Cir.1963)).

■ The Court agrees that plaintiff's claims sound in contract. *Accord Claxton v. Small Business Admin. of the United States Government,* 525 F.Supp. 777 (S.D.Ga.1981) (plaintiff's claim for damages caused by SBA's refusal to convey title and for specific performance of contract does not fall within FTCA's jurisdictional grant). In paragraph seven of the complaint, plaintiff seeks ·$10,000.00 for "injuries and suffering caused to plaintiff by defendant, SBA, consisting in refusal to admit the pledge and obligations derivative of the contract of sale and purchase that took place on [sic] March, 1995." The damages she seeks for suffering, lost profits, monies spent cleaning the property, and for her lost time are all consequential damages relating to defendant's alleged breach of a contract for the sale of property. Although plaintiff has cast her allegations of wrongdoing as torts, the defendant owed her no duty unless a contract existed between the parties. Absent such a contract, the SBA was under no duty to convey the land to the plaintiff and plaintiff had no right to expect that it would. The necessary predicate to all plaintiff's claims is the existence of a contract, thereby revealing that her claims sound in contract. Under the Little Tucker Act, codified at 28 U.S.C. § 1346(a)(2), this Court has jurisdiction concurrent with the Court of Federal Claims over claims not exceeding $10,000.00 based on express or implied contracts with the United States. Contract claims exceeding $10,000.00 must be pursued exclusively in the Court of Federal Claims. 28 U.S.C. § 1346(a)(2). As plaintiff's claims exceed $10,000.00, this Court lacks jurisdiction over this controversy.

Plaintiff has failed to carry her burden of showing that the sovereign has consented to be sued by explicitly creating a cause of action. She has failed to establish that all conditions set forth by the waiver of sovereign immunity have been complied with. Accordingly, this Court finds that it does not have subject matter jurisdiction to adjudicate this controversy. Accordingly, defendant's motion to dismiss is hereby **GRANTED**. Judgment shall be entered accordingly.

IT IS SO ORDERED.