Victor **RODRIGUEZ RIVERA**, Plaintiff, Appellant,

v.

**TRANSPORT INSURANCE COMPANY**, Defendant, Appellee.

No. 6756.

United States Court of Appeals First Circuit.

March 14, 1967.

Harley A. Miller, San Juan, P. R., with whom A. Rivera Valdivieso, Hato Rey, P. R., was on brief, for appellant.

Alex Gonzalez, Santurce, P. R., and Gonzalez & Rodriguez, Santurce, P. R., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an action against an insurer under the Puerto Rico direct action statute. Cf. Irigo v. The Travelers Ins. Co., P.R.Sup.Ct. 3/11/65. No question arises as to the jurisdiction of the district court.[1] The complaint alleged, *inter alia,* that the plaintiff was injured by an automobile owned by one Blanes, insured by the defendant, and driven by one Caltrider. The defendant moved for a summary judgment, attaching to the mo-

---

[1]. We do not reach the question of the possible effect of the 1964 amendment of 28 U.S.C. § 1332(c) upon direct actions against insurers because this accident antedated the amendment.

tion, without benefit of affidavit,[2] a copy of a purported rental agreement under which it appeared that Blanes, who was in the car rental business, had leased the car to one Cumber, and that the lease provided that the lessee should not permit anyone but himself to operate the vehicle. The defendant contended that this provision made the insured owner not responsible for any negligence of Caltrider, and that its own responsibility could extend no further than its insured's.

In order to resist the motion plaintiff offered affidavits adequately showing that Cumber was in the car at the time of the accident, so that it could reasonably be inferred that Cumber had consented to Caltrider's operation. The court ruled that the affidavits asserted nothing which would rebut the provisions of the rental agreement, and granted defendant's motion. Plaintiff appeals.

■ Apparently plaintiff failed to cite to the court the case of McGee Quinones v. Palmer, decided by the Puerto Rico Supreme Court on November 25, 1964, and, unfortunately, the court overlooked it. In *McGee* the court held that the broad purposes of the liability statute, Section 13–101 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1751, could not be defeated by private limitations on the scope of authority of one who was entrusted by the owner with possession. There the defendant owner left the car in question with one Gonzales to perform repairs and return it to his home. Instead, Gonzales took the car and some friends, including the plaintiff, on "an artistic tour" of the Island. At a time when one of the friends was driving, at a high rate of speed, the plaintiff was injured. The court held that the statute imposed responsibility upon the owner. We find the present case indistinguishable. Cf. O'Roak v. Lloyds Casualty Co., 1934, 285 Mass. 532, 189 N.E. 571.

■ The complaint alleges that Caltrider was driving with the owner's consent. If it be thought that it should

have been more fully alleged, that the owner had given possession to Cumber and that Caltrider was driving with Cumber's consent, this is a typical matter in which, particularly before trial, an amendment should have been permitted.

The judgment of the District Court is vacated and the action remanded for further proceedings not inconsistent herewith.

---

2. The reason for this omission is not manifest.