**Ramón Agueda RODRÍGUEZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 848-70.**

United States District Court, D. Puerto Rico.

July 14, 1971.

Pedro E. Purcell Ruiz, San Juan, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FERNANDEZ–BADILLO, District Judge.

This is an action for personal injuries which arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

On October 9, 1970 plaintiff filed a complaint whereby he alleges that a Mr. Charles T. Ward, on April 4, 1969, was a member of the U. S. Navy and while driving a motor vehicle property of the U. S. Navy, in a reckless and negligent manner, within the scope of his office or employment, did impact a motor vehicle that plaintiff was driving. That as a result of said accident plaintiff was rendered unconscious, received a fracture of

the distal third of the right tibia, suffered severe lacerations of the tongue and of the fourth distal phalanx, suffered great pain, agony, mental anguish, loss of earnings and a total loss of his vehicle.

Subsequently, on March 31, 1971, defendant filed a motion to dismiss and as grounds for said motion stated that Mr. Charles T. Ward, the driver of the vehicle which supposedly caused the accident resulting in the damages as well as the injuries to plaintiff, was not acting in his line of duty.

Defendant further alleged that Mr. Ralph W. Carey, who dispatched the vehicle to Mr. Charles T. Ward on the night of April 4, 1969, did dispatch said vehicle in an unauthorized manner and that said vehicle was used for a purely personal matter and not in the furtherance of the Government.

A hearing was held on April 29, 1971.

Plaintiff did not present any evidence but limited himself to cross-examine defendant's witnesses.

Plaintiff's opposition to defendant's motion to dismiss, in essence consists in that the accident occurred within the jurisdiction of the Commonwealth of Puerto Rico and the imposition of responsibility on defendant is governed by Commonwealth of Puerto Rico's doctrine of respondeat superior as is clearly set forth in Section 1751 of the Title 9, Laws of Puerto Rico Annotated.

Plaintiff relies heavily on the cases of McGee Quiñones v. Palmer, 91 P.R.R. 450, 454 (1964) and Cordero Santiago v. Lizardi, (89 P.R.R., 148, 155), which interpreted Section 1751.

These two cases of *McGee* and *Cordero*, supra, clearly establish that Section 1751, is a permissive use statute, for they impose liability once the possession is obtained by express or implied authorization of the owner and being the determining factor the authorized possession, not the authorized use. Rodríguez Rivera v. Transport Insurance Co., 373 F.2d 716, 717 (1967) (1st Cir.).

■ There cannot be any doubt that Title 9, Laws of Puerto Rico Annotated, Section 1751 (Motor Vehicle Law of the Commonwealth of P. R.), is a permissive use statute.

■ Permissive use statutes do not apply to claims under the Federal Tort Claims Act: See O'Toole v. United States, n. 6, 284 F.2d 792 (2 Cir.); United States v. Hull, 195 F.2d 64, 67 (1st Cir., Mass., 1952); Hubsch v. United States, 174 F.2d 7 (5th Cir., Fla., 1949), compromised after grant of certiorari, 338 U.S. 440, 70 S.Ct. 225, 94 L. Ed. 244 (1949); Williams v. United States, 105 F.Supp. 208, 209 (ND Cal. 1952), considered on other grounds 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); Clemens v. United States, 88 F.Supp. 971 (ND Minn. 1950); Cropper v. United States, 81 F.Supp. 81 (ND Fla. 1948); Murphey v. United States, 79 F.Supp. 925, 927–928 (ND Cal. 1948), rev'd on other grounds 179 F.2d 743 (9th Cir., Cal. 1950); Long v. United States, 78 F.Supp. 35, 37 (SD Cal. 1948).

In the light of the aforementioned cases we must discard Title 9, Laws of Puerto Rico Annotated, Section 1751, as imposing liability on defendant.

We then must be guided by the local rule of respondeat superior doctrine of the Commonwealth of Puerto Rico, Merritt v. United States, 332 F.2d 397, (1st Cir., 1964). A leading case which sheds light as to said doctrine is Jiménez v. People of P. R., 83 P.R.R. 195, 200, 201, which states as follows:

"* * * Irrespective of whether or not the Commonwealth acted through a special agent, the scope of the provisions of the Joint Resolution which authorized the bringing of this suit is to render applicable to this case the general principles of agency, that is, as if it were a private employer, responsible for the acts of its agents or employees under particular circumstances. Rodríguez v. People, 75 P. R.R. 377, 379–380 (1953). In general

terms, an employer is not liable for the wrongful criminal and intentional acts of an employee, unless this conduct is due somehow to the employee's desire to serve, benefit or further his employer's business or interest. Maysonet v. Heirs of Arcelay, 70 P.R.R. 155 (1949); Suárez v. Saavedra, 60 P.R.R. 589 (1942); Ochsrider v. Reading Co., 172 F.Supp. 830 (Pa.1959); Prosser, Torts 354 et seq., § 63 (2d ed. 1955); The Growth of Vicarious Liability for Wilful Torts Beyond the Scope of the Employment, 45 Har.L. Rev. 342 (1931); James, Vicarious Liability, 28 Tul.L.Rev. 161, 187 (1954). Cf. Vicarious Criminal Liability, 5 Vill.L.Rev. 682 (1960). Originally, this doctrine was based on the absence of a specific authorization of the employer to act thus, and the existence of a specific prohibition to that effect was considered to be very relevant. At present, the fact that there are express instructions forbidding the use of excessive force or violence in the performance of the office does not imply by itself that the employer is not liable. Vázquez v. People, 76 P.R.R. 556 (1954); González v. Compañía Agrícola, 76 P.R.R. 373 (1954); Quiñones v. Tropical Beverages, 74 P.R.R. 338 (1953); Lloréns v. Lozada, 73 P.R.R. 260 (1952); Díaz v. Rodríguez, 69 P.R.R. 495 (1949). The test of liability is whether notwithstanding the fact that it is a question of wrongful conduct, the act performed is reasonably related to the scope of the employment, or if the agent has been prompted by purely personal motives. González v. Compañia Agrícola, 76 P.R.R. 373 (1954); Lloréns v. Lozada, 73 P.R.R. 260 (1952); Rivera v. Maldonado, 72 P.R.R. 448 (1951); II Harper and James, The Law of Torts 1390, § 26.9 (1956)."

■ We therefore must have the following elements in order to impose liability under the respondeat superior doctrine applicable in the Commonwealth of Puerto Rico:

(a) Desire to serve, benefit, or further his employer's business or interest.

(b) That the act performed is reasonably related to the scope of the employment.

(c) That the agent has not been prompted by purely personal motives.

These elements are absent in the present case.

There can be no doubt that plaintiff must establish that Mr. Charles T. Ward and Mr. Ralph W. Carey were acting in their respective line of duty; this he has failed to do. On the contrary, defendant has proven to this Court upon the oral testimony heard and documented evidence presented, that the naval vehicle which was issued to Mr. Charles T. Ward, by Mr. Ralph W. Carey, was in an unauthorized manner and for a purely personal matter and therefore neither of them were acting within their respective line of duty.

In Mider v. United States, 322 F.2d 193, 196, 197 (6 Cir.) the Court stated:

" * * * No one, not even an officer of the highest rank in the Armed Forces, may subject the government to liability for injuries resulting from the dispatch of a motor vehicle, for an unofficial and unauthorized purpose, to a member of the Armed Forces not acting within the scope of his employment, or line of duty. * * * "

■ Therefore, in the light of the facts presented and the applicable law, absent the aforementioned elements of the doctrine of respondeat superior to establish that Mr. Charles T. Ward or Mr. Ralph W. Carey were acting within their respective line of duty as required by the Federal Tort Claims Act, this Court dismisses the present complaint for want of jurisdiction over the person of the defendant.