Denise Devore **BORREGO**,
**Plaintiff, Appellant,**

v.

**UNITED STATES of America,**
**Defendant, Appellee.**

No. 85–1784.

United States Court of Appeals,
First Circuit.

Argued Feb. 6, 1986.

Decided May 1, 1986.

Eduardo Castillo Blanco with whom Armando Rivera Carretero, Hato Rey, P.R., was on brief, for plaintiff, appellant.

Eduardo E. Toro Font, Asst. U.S. Atty. with whom Daniel F. López Romo, U.S. Atty., Hato Rey, P.R., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

This case is before us on appeal from a decision by the United States District Court for the District of Puerto Rico granting summary judgment to the United States and dismissing plaintiff's cause as not being actionable under the Federal Tort Claims Act (FTCA), 622 F.Supp. 457 (D.P. R.1985). This damage action arose out of an automobile accident which occurred on January 5, 1982 at about 11:45 AM. The appellant suffered injuries when her car was struck from behind by a government-owned vehicle assigned to and driven by

Lammar E. Cannon, an area supervisor employed by the Department of Agriculture. At the time of the collision Cannon was driving the vehicle from his home to his office.[1] Cannon's regular working hours were 7:30 AM to 4:00 PM. On the morning of the accident, however, Cannon had taken three hours of annual leave time in order to take care of some personal matters.

Cannon was assigned the car and allowed to keep it at his home because he often had to leave early and return late when making inspections of farms or in the Virgin Islands. Had the car been kept overnight at the government controlled parking facility, he would have been severely restricted in his activities because access to the facilities is easily available only between the hours of 6:00 AM and 6:00 PM.

The district court found that the United States could not be held liable for the acts of appellee because they were not performed within the scope of employment. Our interpretation of the facts before the court leads us to a different conclusion.

The FTCA constitutes a limited waiver of the government's sovereign immunity. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). It can only be applied to those actions of federal employees that fall within the scope of their employment:

> The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States,

if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2672. Additionally, 28 U.S.C. § 2679(b) provides:

> (b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

■ Whether or not a particular act is within the scope of employment is a matter to be determined in accordance with the law of the place in which the alleged negligent act or omission occurred. *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); *Merritt v. United States*, 332 F.2d 397 (1st Cir.1964). The law applicable to the situation at bar can be found in Articles 1802 and 1803 of the Civil Code of Puerto Rico.[2]

Article 1802 of the Civil Code, 31 L.P.R.A. § 5141 states:

> "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

Article 1803 of the Civil Code, 31 L.P.R.A. § 5142 states:

> "The obligation imposed by the preceding Section is demandable, not only for per-

---

1. Appellant attempts to raise as an issue of fact whether Cannon was traveling from his home, or from a place he may have been visiting on official business. This contradicts Devore's own memorandum in support of her opposition to the motion to dismiss, wherein she accepts as an uncontroverted fact that Cannon "... was traveling from his home en route to his office...."

2. Devore-Borrego argued below that under Puerto Rico's Traffic and Motor Vehicles Law, 9 L.P.R.A. § 1751, mere ownership of the offending vehicle can impose liability. This statute does not apply to claims under the FTCA, however. *See Rodriguez v. United States*, 328 F.Supp. 1389, 1390 (D.P.R.1971), *aff'd*, 455 F.2d 940 (1st Cir.1972).

sonal acts or omissions, but also for those of the persons for whom they should be responsible.... Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties."

The fundamental consideration for determination of an employer's liability is whether or not the employee's acts fall within the scope of his employment in the sense that they furthered a desire to serve and benefit the employer's interest, resulting in an economic benefit to the employer. *Martinez v. Comunidad*, 90 P.R.R. 451 (1964); *Llorens v. Lozada*, 73 P.R.R. 260 (1952). In order to impose liability under the doctrine of *respondeat superior* applicable in the Commonwealth of Puerto Rico, the following elements must be evaluated:

"a) Desire to serve, benefit, or further his employer's business or interest.

b) That the act is reasonably related to the scope of the employment.

c) That the agent has not been prompted by purely personal motives."

*Rodriguez v. United States*, 328 F.Supp. 1389, 1391 (1971).

The general rule in Puerto Rico is that a trip made by an employee simply in order to get from his home to his work is not one in the course of his employment. *Atiles v. Industrial Commission*, 72 P.R.R. 390, 392 (1951).[3] We must, therefore, evaluate the undisputed facts in terms of the general criteria for employer-liability.

■ Cannon uses the government car to visit farms outside the metropolitan San Juan area.[4] Inspecting farms is a regular part of his duties. The car is assigned to him on a long term basis. Because these visits often take him far out on the island, he will frequently leave his home before 6:00 AM or return later than 6:00 PM. Because access to the federal parking facilities is difficult outside of these hours, Cannon is authorized to keep the car at home. He is, therefore, not required to drive his own car to work, and switch to the government's car for official trips.

The government does not dispute that when Cannon drives from his home directly to a farm, this action is to the employer's benefit and within the scope of his employment, even though he may leave his house at 5:30 AM and not arrive at the farm until his workday officially begins at 7:30 AM. More importantly, the government does not contend that on those days when Cannon visits farms, he *always* leaves directly from his house and *always* returns there. We can, therefore, infer that there are times when Cannon drives out to the farms from his office, and because he must use the government's vehicle, the government benefits by his bringing the vehicle with him when he comes to the office.

We are not dealing with the situation of an executive who rarely leaves his office on business during the day and for whom the assignment of a car is merely a perquisite. Here we have an employee whose use of the assigned vehicle is an essential part of his work and who is obligated to take the car home so that he can perform his duties more effectively. Under those circumstances it is his employer who is principally benefited from the more efficient use of the employee's time. A majority of the

---

3. *See also Lopez-Rodriguez v. Delama*, 102 D.P.R. 254 (1974); *Figueroa v. Industrial Commission*, 72 P.R.R. 472 (1951); and *Rios v. Industrial Commission*, 66 P.R.R. 385 (1946) wherein the Supreme Court of Puerto Rico has stated that as a general rule, accidents occurring while traveling between home and office are not within the scope of employment and are not compensible by workmen's compensation. The only exception is *Gallert Mendia v. Comision Industrial*, 87 P.R.R. 16 (1962). There an employee drowned while crossing a river as he was returning from a bus stop designated by his employer. In this case the court stated that the employee was obligated to take that particular route from the bus stop, and that the company benefited by having him meet the bus in that location. Thus, the court concluded, the employee was within the scope of his employment, a conclusion which seems somewhat strained.

4. There is no allegation by the government that the assignment of the car was a perquisite solely for the benefit of the employee.

court believes it would be inequitable, under those circumstances, to force the employee to assume personal liability in a situation where the use of the government's car is only of incidental benefit to the employee.[5]

We therefore find that appellant was acting within the scope of his employment and that, under the doctrine of *respondeat superior,* the United States can be held liable.

*Reversed and remanded.*

---

**5.** Given the general rule in Puerto Rico that travel from home to work is not in the scope of employment, Chief Judge Campbell would affirm. That Cannon's taking of the car home furthered his employer's business in other respects should not, in his view, bring Cannon's commuting travel within the scope of his employment.