Jose COTO ORBETA, et al., Plaintiffs,

v.

**UNITED STATES of America,
Defendant.**

Civ. No. 89–1682 (JAF).

United States District Court,
D. Puerto Rico.

July 10, 1991.

Alberto Santiago–Villalonga, Nachman & Fernandez–Sein, San Juan, P.R., for plaintiffs.

Isabel Muñoz–Acosta, Asst. U.S. Atty., Civil Div., Daniel F. López–Romo, U.S. Atty., San Juan, P.R., for defendant.

OPINION AND ORDER

FUSTE, District Judge.

On November 30, 1988, Supply Sergeant Angel Serrano Vargas was waiting for his wife to pick him up from Fort Buchanan, a United States Military installation in Puerto Rico. When she failed to arrive at the agreed upon time, he called home, only to

learn that his wife, pregnant, had suffered an accident. Serrano grabbed the key to an "Auto–Sedan Compact", a government vehicle, and headed off-base towards his home. Once on a public highway, he collided with a car operated by José Coto Orbeta, which also carried three other passengers. The passengers of the Coto car sustained injuries in the crash.

The Coto car passengers, plaintiffs in this action, proceed against the United States on two theories. First, they seek to recover on the theory that Serrano was operating the vehicle in a negligent manner, and that the United States is liable for acts of its employees. Second, they seek to recover on the theory that the brakes on the Auto–Sedan were faulty, and that it was the negligence of United States' employees in failing to maintain the vehicle that caused or contributed to the accident. On the issue of the maintenance negligence they offer proof in the form of accident reports which indicate that the same Auto–Sedan had been involved in another accident only one and one-half months earlier, that the earlier accident had been caused by brake failure (locking) and that there is no proof that any attempt was made to investigate or correct the faulty brake system. In addition, they produce an accident report in which Serrano himself appears to blame the instant accident on brake failure.

The government moves for summary judgment, arguing that plaintiffs cannot maintain the action since the Tort Claims Act, 28 U.S.C. §§ 1346, 2679, only waives governmental immunity in automobile tort cases for situations in which the driver is acting within the scope of his or her office at the time of the accident. The government argues that Serrano's impromptu appropriation of a government vehicle in order to assist his injured wife could not be considered, as a matter of law, within the scope of his official duties. It is the position of the government that proof that the driver was acting within the scope of his office is a predicate element to any and all claims arising from an automobile accident involving a federal employee, whether the claim is based on the negligence of the driver or not. Therefore, the government argues that since plaintiffs cannot satisfy this threshold requirement, their whole case must be dismissed.

Although we agree with defendant that Serrano's trip was not within his official duties, and that any claim arising out of his negligence as driver cannot be maintained, we see no bar to a claim for the negligence of the government in failing to maintain the vehicle itself. That the driver was not acting within the scope of *his* office while driving does not mean that those who oversee the maintenance of the vehicle fleet were not operating within the scopes of *their* offices while maintaining (or failing to do so). Plaintiffs, in producing the accident reports which point to brake failure on at least two occasions by this same vehicle certainly have raised a triable issue of fact, one which is unaffected by the official or non-official nature of Serrano's journey.

*Discussion*

"We begin our consideration of these claims with the well-settled principle that the United States may not be sued without its consent." *Eveland v. Director of C.I.A.*, 843 F.2d 46 (1st Cir.1988), *citing United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1359, 63 L.Ed.2d 607 (1980). The United States has consented to suit for tort liability under certain circumstances in the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. This waiver of sovereign immunity gives district courts jurisdiction for actions against the United States:

> [F]or money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

Congress has also provided not only that such jurisdiction for suit against the

United States is available where the employee is performing official duties, but that it is the exclusive remedy for the injured person on the basis of those particular negligent acts.

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

In other words, once it is established or admitted that the government actor accused of negligent behavior was acting within the scope of his or her office, not only does one accrue a right of action against the government, but that is the *only* right of action available for that particular act or omission.

We look first to the claim that Serrano operated the Auto–Sedan negligently.

### Driver Negligence

In determining whether a federal employee who is accused of causing an automobile accident through negligent driving is acting within the scope of his or her office, the court must look to the master/servant law of the locale in which the accident occurs. *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); *Borrego v. United States,* 790 F.2d 5 (1st Cir.1986).

In *Borrego,* the First Circuit set out the elements under Puerto Rico law to evaluate *respondeat superior* liability:

a) Desire to serve, benefit, or further his employer's business or interest.

b) That the act is reasonably related to the scope of the employment.

c) That the agent has not been prompted by purely personal motives.

*Borrego,* 790 F.2d at 7, *quoting Rodriguez v. United States,* 328 F.Supp. 1389, 1391 (D.P.R.1971); *see Martinez v. Comunidad,* 90 P.R.R. 451 (1964); *Lloréns v. Lozada,* 73 P.R.R. 260 (1952). The *Borrego* court held that a government employee who was driving a government vehicle from home to his office was acting within the scope of his official duties. In *Borrego,* the court found that the car had been assigned to the employee and its daily use was part and parcel of the job description, which required a great deal of car travel often beginning and ending outside of normal business hours. The court found on those facts that the employee, although at the time of the accident was on a personal errand, was still engaged in his "master's" business in keeping and operating the car. The court found that since it was in the interest of and for the benefit of the "master" that the employee had a full-time assigned car in order to perform his duties more efficiently and effectively, the court found the necessary benefit to the master to be able to find that the employee was operating within his office.

No such extenuating circumstances surround the use of the Auto–Sedan in our case. The vehicle was not assigned to Serrano. In fact, he was not even planning to use it on the night of the accident, but was waiting for his wife to pick him up. The government had no interest in his taking the car, and his motives were clearly personal. Defendant is entitled to summary judgment on the issue of negligence in the operation of the vehicle. No view of the undisputed facts could lead a reasonable trier of fact to find that Serrano was acting within the scope of his office.

### Maintenance

Defendant tries to argue that the claim regarding the failure to maintain the Auto–Sedan also has as an essential element that the driver on the night of the accident was engaged in the business of the government. The government cites no precedent to that effect, and we do not see

how it could be so. If government employees are negligent in failing to adequately maintain brakes on a vehicle which they know will be used on public roadways, the requirement under the Federal Tort Claims Act that the employee whose negligence is the basis for the suit be engaged in the activities within the scope of his office when the negligence occurred is satisfied. The employees who are charged with the duty of maintaining and servicing government vehicles for government use owe a duty of due care with regard to their tasks which is independent from the duty of an employee operating the vehicle.

The duty of care to maintain a vehicle in safe operating condition, and liability for breach of that duty, has been specifically recognized under Puerto Rico law. *Canales Velázquez v. Rosario Quiles*, 107 D.P.R. 757 (1978) (faulty tire blow-out cause of accident); *Rivera v. Rivera Rodríguez*, 98 D.P.R. 940 (1970) (brake failure). In so holding, courts have not pinned liability on the owner of the vehicle on the basis of the so-called "permissive use" statute, 9 L.P.R.A. § 1751, which is admittedly not applicable to Federal Tort Claims Act cases, *Rodríguez v. United States*, 328 F.Supp. 1389 (D.P.R.1971), but rather have predicated liability on a breach of Puerto Rico's general negligence statute, 31 L.P.R.A. § 5141. Since the general negligence theory relies on actual proof that the owner himself had a duty and breached it, rather than setting up a fictional liability link holding the owner for negligent acts of the driver, it does not run afoul of the Federal Tort Claims Act. Some government employee was or should have been charged with the maintenance of the vehicle involved in this case. If that duty was breached, and the breach caused or contributed to the accident, Puerto Rico law creates a liability which can be pursued consistent with the strictures of the federal immunity waiver.

In *Currie v. United States*, 201 F.Supp. 414 (D.Md.1962), *aff'd.*, 312 F.2d 1 (4th Cir.1963), the court faced a case in which an FBI agent was operating a car which was involved in an accident. Although the court found that the driver was acting within the scope of his official duties, the court clearly identified the "scope of duty" question only with the issue of *driver* negligence. The court treated as a separate issue the question of whether the government was negligent for failing to maintain the brakes of the vehicle in a safe condition. The court found, in fact, that the driver had *not* acted negligently, but allowed plaintiffs to recover on proof of negligent maintenance. There is nothing in the *Currie* opinion which suggests that the recovery on the maintenance theory was in any way dependant on the fact that the driver was on official business. Exactly the opposite is suggested.

> Plaintiffs argue ... that [the driver's] failure to apply the hand brake was negligence on his part *attributable to the Government because he was acting within the scope of his authority;* and if in fact his hand brake would not have achieved the desired result, that, too, was negligence on the part of the Government.

*Currie*, 201 F.Supp. at 421, n. 2 (emphasis added). It is clear from this passage that the court did not consider the nature of the driver's activity in examining the maintenance theory of recovery. Since the court ultimately found no negligence on the part of the driver, but did allow recovery, the court implicitly excluded the role of the driver from the legal liability calculus.

Under the position which the government urges, the following anomalous situation would be possible. Assume that the government operates a garage staffed by military personnel who fix the trucks used by the base for government business. An employee negligently leaves a part out of the steering column during a repair. Another employee takes the truck to town on a personal errand. The driver drives legally and with no negligence. The steering column freezes and the driver strikes a pedestrian. According to the government, the negligence of the *mechanic* would not be cognizable under the Tort Claims Act because of the serendipitous fact that the *driver* was not on government business at the time that the negligence of the mechan-

ic caused the crash. While the driver in this hypothetical was admittedly not acting within the scope of his office, the mechanic surely was so acting. Since the mechanic was acting within the scope of his governmental office (maintaining trucks), since the negligence caused the accident and injury to the claimant, and assuming that the law of the state in question would allow for recovery on the basis of faulty maintenance, this situation would fall squarely within the requirements of the Federal Tort Claims Act. We see no reason to think our case should be treated any differently.

### Conclusion

■ The government's motion for summary judgment is based on the premise that Serrano had to be acting within the scope of his office for plaintiffs to prevail on either the driver/negligence or maintenance/negligence theory. Since the government is correct as to the negligence of the driver, we grant summary judgment for the government as to that theory. Since the government is wrong as to the maintenance theory, we deny summary judgment as to that issue. We note that in holding as we do today, we make no factual findings in this matter. The plaintiffs still face the burden of proving that the government had a duty to maintain the Auto–Sedan in safe working condition, that the duty was breached, that it was a government employee acting within his office who breached that duty, and that the breach was the proximate cause of plaintiffs' injuries. We hold today only that as to this second theory, the reason for the driver's trip is not relevant. The prior act of failing to exercise due care in maintaining the vehicle is enough to hang the negligence on the government under the Federal Tort Claims Act. There is no additional requirement that the driver himself be acting in a governmental capacity. If, of course, the government can prove that the accident was caused by driver negligence and *not* failure to maintain, then plaintiffs will not

recover from the government, but that is a factual matter we leave for trial.

IT IS SO ORDERED.