**David Velez CUEVAS, et al., Plaintiffs,**

v.

**Krista HARRIS, et al., Defendants.**

**No. 96–2173 (DRD).**

United States District Court,
D. Puerto Rico.

Feb. 23, 1998.

---

***OPINION AND ORDER***

DOMINGUEZ, District Judge.

On June 25, 1997, Co-defendant United States of America filed a Motion to Dismiss, (Docket No. 15), arguing that Co-defendant Krista Harris was not acting within the scope of her employment at the time of the accident object of the present suit. On July 16, 1997, the court entered an order, (Docket No. 16), granting limited discovery on the issue and converting said motion into one for summary judgment, the decision of which is now pending before the court. For the reasons stated below, the court grants the motion for summary judgment, dismissing the complaint against Co-defendant United States of America.

**Summary Judgment Standard**

The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997) (citing *Wynne v. Tufts*

---

*Univ. School of Medicine,* 976 F.2d 791, 794 (1st Cir.1992)). A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trial worthy issue as to some material fact." *Cortes–Irizarry v. Corporacion Insular,* 111 F.3d 184, 187 (1st Cir.1997). "In applying this formulation, a fact is 'material' if it potentially affects the outcome of the case", *Vega–Rodriguez,* 110 F.3d at 178, and "genuine" "if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortes–Irizarry,* 111 F.3d at 187. "Speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant in the face of a properly documented summary judgment motion. Moreover, even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996) (citations omitted).

### Findings of Fact

During the relevant time, Co-defendant Harris served as a lieutenant with the U.S. Navy, stationed at the Sabana Seca Naval Base. The Naval Base is divided into two sites. Harris referred to one of them as the Operations Site, where she was assigned to work, and to the other as the Main Base. The only connecting road between the two sites was a three-mile Puerto Rico public road, outside the Naval Base.

On February 29, 1996, at approximately 11:30 a.m., Harris left the Operations Site and drove in her privately owned automobile to the Main Base. Harris's intent for the trip was twofold: first, to have lunch at the Main Base; second, to deliver enlisted performance evaluation reports to the Administrative Building located in the Main Base. However, anybody could have taken the reports at a later date since there was no deadline for their delivery. Harris's Deposition of December 23, 1997 [hereinafter "Deposition"] at 57–58.

When Harris arrived at the gate of the Main Base, she realized that she had forgotten the reports at her office in the Operations Site. Yet, she thought to herself: "I will just go to lunch and I can get the papers later." Deposition at 10. Thus, she had lunch and didn't do anything else at the Main Base. *Id.* Then, at approximately 12:50 p.m., Harris began her return to the Operations Site. During this drive, the accident object of this suit occurred.

### Analysis

■ When determining the government's liability for an employee's negligent act while using a motor vehicle in Puerto Rico, the court must consider whether the employee's act falls within the scope of employment, in the sense that the act furthered a desire to serve and benefit the government's interest, or whether the employee was prompted by purely personal motives. *Borrego v. United States,* 790 F.2d 5, 7 (1st Cir.1986).[1] The deciding factor in cases such as the one at hand, therefore, is the employee's motive for her action. Hence, the single issue before the court is whether Harris's motive was to serve the government at the time of the accident or whether she was prompted by personal motives. *See Rodriguez v. United States,* 328 F.Supp. 1389, 1391 (D.P.R.1971) (holding that the use of a motor vehicle for a purely personal motive does not constitute

---

1. The court summarized the elements to be evaluated: (1) whether the employee was carrying out a function with the desire to serve, benefit or further the government's business or interest; (2) whether the act performed was reasonably related to the scope of the employment; and (3) whether the employee was not prompted by purely personal motives. *Borrego,* 790 F.2d at 7 (citing *Rodriguez v. United States,* 328 F.Supp. 1389, 1391 (D.P.R.1971)).

government business within the scope of employment).

In the present case, Harris's partial motive for the drive to the Main Base may have been to deliver the reports. However, as soon as she realized that she had forgotten them at the Operations Site, only her personal motive of having lunch remained. If Harris truly had the motive to deliver the forgotten reports, she would have returned to the Operations Site immediately to pick them up. Yet, since there was no deadline for their delivery, she had no need to return and she decided to just have lunch. At this stage, the sole motive of her drive became a purely personal one. Therefore, the court finds that Harris did not act within the scope of her employment and grants the motion for summary judgment, dismissing the complaint against Co-defendant United States of America.

IT IS SO ORDERED.