**Victor M. MELENDEZ–COLON, et al., Plaintiff,**

v.

**UNITED STATES of America, Department of the Navy, Defendants.**

No. Civ. 97–2192(JP).

United States District Court, D. Puerto Rico.

May 25, 1999.

---

Erick Morales, Carolina, P.R., for plaintiff.

Miriam González Olivencia, San Juan, P.R., Lisa E. Bhatia–Gautier, Assistant United States Attorney, Hato Rey, P.R., for defendant.

## *ORDER*

PIERAS, Senior District Judge.

The Court has before it Plaintiffs' Motion Requesting an Evidentiary Hearing and Other Matters (**docket No. 38**), Defendant's Opposition to Motion Requesting an Evidentiary Hearing and Other Matters (docket No. 40) and Plaintiffs' Motion Submitting Manual of the Judge Advocate General Final Investigative Report Concerning the Accident and Grounds for Admission (docket No. 43). The Court held a bench trial in this case on July 7 and 8, 1998 to determine the issue of damages resulting from a car accident involving Captain Mark Ronald Peterson ("Captain Peterson") and Plaintiff Victor Meléndez–Colon. On the eve of trial, Defendant United States of America, Department of the Navy, disputed the Court's jurisdiction over this case under the Federal Tort Claims Act ("FTCA"), asserting that at the time of the accident, Captain Peterson, was not acting within the scope of his employment. The Court, therefore, ordered the parties to submit post-trial briefs and held a conference on August 31, 1998 to schedule discovery related to the

scope of employment issue. The parties engaged in discovery, and on November 18, 1998, the Court held a Pretrial Conference. At this conference, the Court ordered Plaintiffs to file a motion as to why the Court should grant an evidentiary hearing on the scope of employment issue (docket No. 37).

Plaintiffs' Motion asks the Court to set an evidentiary hearing, offering the Judge Advocate's Final Investigative Report on the accident at issue in this case ("the Report") and MSCLANT INSTRUCTION 11240.1.C as evidence in support of its request.[1] Plaintiffs also dispute Defendant's use of Captain Peterson's "Federal Driver's Certification" because it does not comply with Federal Rules of Evidence 803(8)(c) and 902. Further, Plaintiffs ask the Court to provide several witnesses at the hearing "for cross examination," including Robin Ray Coll, FTCA Attorney for the Navy, Captain P.A. McFadden, and Navy LCDR Mary M. Orban.

Defendant opposes Plaintiffs' motion because it claims the evidence at issue consists solely of documents, and also, Defendant asserts various objections to Plaintiffs' proposed evidence. First, Defendant argues that there is no basis for barring the Federal Driver Certification because it is an official document which does not constitute hearsay. Second, Defendant objects to the use of the Judge Advocate's Final Investigative Report because it claims the Report is not subject to discovery nor admissible in evidence under the deliberative process privilege pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5). In addition, Defendant argues that any internal agency regulations regarding the use of an automobile does not create a right for third parties if damages occur. Final-

ly, Defendant contends that it has no obligation to provide witnesses "for cross-examination" as requested by Plaintiffs.

Neither party had provided the Court with copies of the disputed documents, and thus, on January 7, 1999, the Court Ordered Plaintiffs to provide the Court with a copy of the Judge Advocate's Final Report, MSCLANT Instruction 11240.IC, and Federal Driver's Certification (docket No. 42). In addition, the Court ordered Plaintiffs to respond to Defendant's arguments regarding the admissibility of the Judge Advocate's Report. On January 22, 1999, Plaintiffs submitted the Judge Advocate's Final Report as well as evidence that the Report was obtained pursuant to the Freedom of Information Act. Plaintiffs argue that Defendant's privilege argument lacks merit since the cover letter of the report indicated that it was provided pursuant to the FOIA, and further, that the Report is highly relevant and must be admitted on this basis.

■ The Court first notes that it can hold an evidentiary hearing on the scope of employment issue under the FTCA if the "pleadings, affidavits, and any supporting documentary evidence reveal an issue of material fact." *Webb v. United States*, 24 F.Supp.2d 608, 613 (W.D.Va.1998) (citing *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1154–55 (4th Cir.1997) (interpreting Westfall Act)). Thus, in the instant case, if the documents provided by Plaintiffs demonstrate a disputed issue of fact regarding whether Captain Peterson was acting within the scope of his employment at the time of the accident, the Court can order an evidentiary hearing.

■ The Court must, therefore, address Defendant's contention that the Re-

---

1. Although not provided to the Court, Plaintiff contends that the MSCLANT Instruction 11240.IC, 3, a. states: "MSCLANT vehicles (assigned, rented or leased) will be used for official purposes only. Transportation is considered to be for official purposes only when it is required to complete a MSCLANT tasking

requirement. MSCLANT 3d.: Transportation may be provided for authorized group activities for morale purposes when it has been determined that failure to provide such service would have an adverse effect on the morale of service members."

port is inadmissible because of the "deliberative process privilege." Defendant asserts that the Report is protected by this privilege because it "contains opinions and recommendations which enables the decision-making of the agency." (Defs.' Opp'n. Mot. Requesting Evid. Hearing and Other Matters at ¶ 9). The deliberative process privilege "shields from public disclosure confidential inter-agency memoranda on matters of law of policy." *Texaco Puerto Rico, Inc. v. Dep't. of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir.1995) (quoting *National Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir.1988)). The policy behind this privilege is to provide "reasonable security" to a governmental agency's decision-making process. *Id.* (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)). In order to qualify for the deliberative process privilege, a document must be predecisional or related to process of agency policy formation and antecedent to final policy adoption. *See id.* Further, factual statements or documents that are postdecisional and explain or justify a decision already made do not fall within the privilege. *See id.* (citations omitted).

■ The privilege, however, is qualified, and thus, even if a document satisfies the conditions enumerated above, it may be subject to disclosure. *See id.* (citing *FTC v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir.1984); *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 n. 5 (D.C.Cir.1994)). In deciding whether to honor an assertion of the privilege, a court must weigh factors including the "interests of the litigants, society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government." *Id.* (citations omitted).

■ The situation at hand is unique, however, because the Report sought to be used by Plaintiffs was already disclosed by the Department of the Navy to a third party, Insurance Adjusters & Appraisers, Inc., pursuant to the Freedom of Information Act. Thus, the Department of the Navy is not seeking to prevent Plaintiffs from obtaining the Report from their agency pursuant to the FOIA. Rather, Defendant claims that regardless of its previous disclosure, the deliberate process privilege prevents Plaintiffs from discovery of the report and from using it as evidence in this lawsuit. The Court disagrees.

■ The Court first notes that the exceptions to disclosure in the FOIA do "not create independently any evidentiary privilege; the effect of such exclusion, rather is only to permit the withholding of these categories of information from the public generally." *Denny v. Carey*, 78 F.R.D. 370, 373 (E.D.Pa.1978); *see also Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (citations omitted) ("the exceptions to the disclosure in the Act were not intended to create evidentiary privileges for civil discovery."). Thus, Defendant's contention that the FOIA creates a separate discovery or evidentiary privilege preventing the use of the Report at an evidentiary hearing is without merit.

Further, the Report has already been produced by the Department of the Navy, in part, under the FOIA.[2] The Court finds that the prior disclosure of the Report pursuant to the FOIA waives Defendant's privilege argument regarding the use of the Report in the instant case. *See Clark v. Township of Falls*, 124 F.R.D. 91, 93–93 (E.D.Pa.1988) (municipality waived claim of executive privilege by prior disclosure); *see also Texaco Puerto Rico*, 60 F.3d at 885 n. 8 (noting in passing that the issue of waiver of deliberate process privilege is unsettled and comparing *Township of*

---

**2.** The Department of the Navy withheld certain portions of the Report in its initial disclosure under the FOIA. (Pls.' Ex. 1). Plaintiffs do not contest the withholding of this information.

*Falls* with *Redland Soccer Club, Inc. v. Department of Army,* 55 F.3d 827, 855–56 (3d Cir.1995) which holds inadvertent disclosure did not give rise to waiver).

Because of the lack of an independent discovery or evidentiary privilege arising out of the FOIA and Defendant's waiver of its privilege, the Court need not analyze whether the Report itself would fall under the deliberative process privilege. Nevertheless, the Court finds that the interests of both the litigants and society are served by allowing the use of the Report in the instant case. Defendant is the only party with information and evidence regarding internal Navy regulations and the scope of Captain Peterson's employment. Defendant's attempts to hide information related to this inquiry from Plaintiffs and the Court will not be tolerated. The information contained in the Report is necessary to assist the Court in its determination of subject matter jurisdiction over this case.

 The Court finds that both the MSCLANT Instruction and Judge Advocate's Report present an issue of material fact related the scope of Captain Peterson's scope of employment which is sufficient to warrant the holding of an evidentiary hearing. *See Webb,* 24 F.Supp.2d at 613 (citations omitted). As discussed in a previous Order (docket No. 34), the question of whether a government employee is acting within the scope of his employment is determined by examining Puerto Rico law. *See Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir.1996). Under Puerto Rico law, Plaintiffs must prove that in driving the vehicle that struck Plaintiffs, Captain Peterson: (1) had a desire to serve, benefit, or further his employer's business or interest; (2) was performing an act reasonably related to the scope of employment; and (3) was not motivated or prompted by purely personal motives. *See Attallah v. United States,* 955 F.2d 776, 782 (1st Cir.1992) (citing *Borrego v. United States,* 790 F.2d 5, 7 (1st Cir.1986)). The evidence presented by Plaintiffs will help the Court in this inquiry, and the parties

are advised to keep these factors in mind when presenting further evidence to the Court. Thus, the Court will hold a Pretrial Conference on **June 18, 1999 at 2:00 p.m.** and an Evidentiary Hearing related solely to the scope employment issue on **June 23, 1999 at 9:30 a.m.**

 The Court must also address Plaintiffs' request to have Defendant produce Robin Ray Coll, Captain P.A. McFadden, and Mary M. Orban as witnesses at the Evidentiary Hearing. Defendant opposes this request, emphasizing that it has no "obligation" to produce these witnesses. All of the witnesses listed are, presumably, employed by and in the control of the Navy, and thus, the Navy should easily be able to produce them. Further, all the evidence related to the scope of employment issue is in the hands of the Navy. The Court will not permit Defendant to prevent the disclosure of relevant information or thwart the full resolution of the scope of employment issue. Thus, the Navy **SHALL** produce these witnesses at the hearing on **June 23, 1999.**

Finally, the Court declines to address Plaintiffs' arguments regarding the admissibility of the Federal Driver's Certification at this time. Plaintiff did not provide the Court with a copy of the Certification as ordered by the Court on January 7, 1999, and thus, the Court cannot assess the merits of Plaintiffs' arguments regarding the Certification's admissibility. Plaintiffs, however, **SHALL** provide the Court with a copy of the Certification on or before **May 28, 1999,** and further, **SHALL** expand on its evidentiary objection to the use of the Certification, *including* citations to relevant case law. Defendant **SHALL** respond to Plaintiffs arguments, *also* citing to relevant case law, on or before **June 11, 1999,** so that the Court can rule on this issue prior to the Pretrial Conference set for June 18, 1999. In addition, if the parties intend to supplement their Pretrial

Memorandum of November 18, 1999, they **SHALL** do so on or before **June 14, 1999.**

**SO ORDERED.**